IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

MICHAEL JUSTIN BAILEY,          )
        Movant,          )
                  )
v.          )          **CIVIL ACTION NO. 1:20-00235**
                  )          **(Criminal No. 1:18-00093)**
UNITED STATES OF AMERICA,          )
        Respondent.          )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Supplemental Motions. (Document Nos. 76 - 78.) By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 79.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A      Criminal Action No. 1:18-00093:**

On December 18, 2018, Movant pled guilty to one count of Conspiracy to Commit Robbery Affecting Interstate Commerce (Conspiracy to Commit Hobbs Act Robbery) in violation of 18 U.S.C. § 1951 (Count One), and one count of Brandishing a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting the same (Count Four) in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. (Criminal Action No. 1:18-00059, Document Nos. 56, 58, 59.) The District Court sentenced Movant on April 2, 2019, to serve a total term of 246 months of incarceration[1] to be followed by a five-year term of supervised release. (Id., Document Nos. 64, 65, 67.) The District

---

[1] The District Court stated that the 246 months consisted of "162 months on Count One and 84 months on Count Four, the sentence on Count Four to run consecutive to the sentence on Count One."

Court further imposed a $200 special assessment and $10,472.19 in restitution. (Id.) Movant did not file a direct appeal.

**B.      Instant Section 2255 Motion:**

On April 3, 2020, Movant, acting *pro se*, filed his Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 20-00235, Document No. 76, 77, and 78.) As his sole ground for relief, Movant argues that his Section 924(c) conviction is invalid based upon United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) and United States v. Barrett, 903 F.3d 166 (2nd Cir. 2019). (Id.) Movant argues that the underlying "crime of violence" for the Section 924(c) conviction was his conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. (Id.) Citing Barrett, Movant contends that conspiracy to commit Hobbs Act robbery no longer qualifies as a "crime of violence." (Id.) Movant, therefore, argues that a Section 924(c) conviction based on conspiracy to commit Hobbs Act robbery "as the predicate 'crime of violence' is invalid." (Id.) Accordingly, Movant argues that his Section 924(c) conviction must be vacated. (Id.)

**ANALYSIS**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the

rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a Section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Davis. In United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, ___ L.Ed.2d ___ (2019), the United States Supreme

Court held that the "residual clause" of Section 924(c)(3)(B) is unconstitutionally vague. Title 18 U.S.C. § 924(c) provides mandatory, minimum sentences for using, carrying, or possessing a firearm in connection with any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3)(A) and (B) defines a "crime of violence." Subsection (A), which is known to as the "elements clause" or the "force clause," defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Subsection (B), which is known as the "residual clause," defines "crime of violence" as a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In Davis, the Supreme Court determined that the "residual clause" was unconstitutionally vague under due process and separation of powers principles.

In the instant case, Movant contends that his Section 924(c) conviction (Count Four) should be vacated based upon Davis. In his underlying criminal proceedings, Movant was convicted of one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One) and one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Four). (Id.) Thus, the Court must consider whether Movant's underlying "crime of violence" for his Section 924(c) charge is a "crime of violence" under the "force clause." Movant argues that the underlying "crime of violence" for the Section 924(c) charge was a charge of conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951, which no longer constitutes a "crime of violence." Movant is correct that conspiracy to commit Hobbs Act robbery does ***not*** qualify as a "crime of violence" under the "force clause" of Section 924(c). See United States v. Simms, 914 F.3d 229 (4th Cir. Jan. 24, 2019). Movant,

4

however, is incorrect that the underlying "crime of violence" for the Section 924(c) charge was a charge of conspiracy to commit a Hobbs Act robbery. A review of Movant's Indictment and Plea Agreement clearly review that the underlying "crime of violence" for the Section 924(c) charge was a charge of Hobbs Act robbery in violation of 18 U.S.C. § 1951. (Criminal Action No. 1:18-00093, Document Nos. 10 and 59.) Recently, the Fourth Circuit concluded that Hobbs Act robbery constituted a crime of violence under the "force clause." A person is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . ..." 18 U.S.C. § 1951(a). The statute defines "robbery" as follows:

> The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means or actual or threatened force, or violence, or fear of injury*, immediate or future, to his person or property, in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1)(emphasis added). In United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit determined "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." Id. at 266. Thus, the statutory elements of Hobbs Act robbery requires the use, attempted use, or threatened use of physical force. Therefore, the undersigned respectfully recommends that Movant's Section 2255 Motions should be denied because Hobbs Act robbery qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore, respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Supplemental Motions (Document Nos. 76 - 78), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: July 8, 2020.



Omar J. Aboulhosn
United States Magistrate Judge