IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MICHAEL JUSTIN BAILEY,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:20-00235
                            (Criminal Action No. 1:18-00093-01)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on July 8, 2020, in which he recommended that the district court deny Bailey's motion under 28 U.S.C. § 2255 and dismiss this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court

need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Bailey filed objections to the PF&R. See ECF No. 82.

## I. Background

On May 1, 2018, a federal grand jury returned a seven-count indictment against Bailey and his codefendant, Sarah K. Bailey, as follows:

Count One- conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951;

Count Two- Hobbs Act Robbery on October 26, 2017, in violation of 18 U.S.C. § 1951;

Count Three- Hobbs Act Robbery on November 5, 2017, in violation of 18 U.S.C. § 1951;

Count Four- brandishing a firearm during and in relation to a crime of violence (expressly identified as Hobbs Act Robbery on November 5, 2017), in violation of 18 U.S.C. § 924(c)(1)(A)(ii);

Count Five- felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

Count Six- unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and

Count Seven- possessing a stolen firearm on November 5, 2017, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).

Michael Bailey was charged in Counts, One, Two, Three, Four, Five, and Seven.  Defendants were alleged to have conspired to rob, robbed, and brandished firearms while robbing two video poker parlors located within the Southern District of West Virginia.

Pursuant to a written plea agreement with the United States, Bailey pled guilty to Counts One and Four of the indictment charging him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  See ECF No. 59 in Criminal Action No. 1:18-00093-01.  Count Four of the indictment expressly identifies the Hobbs Act Robbery occurring on November 5, 2017 (Count Three), as the underlying crime of violence. Bailey was sentenced to a term of imprisonment of 162 months on Count One and 84 months on Count Two, sentences to run consecutively, resulting in a total term of incarceration of 246 months.

## II.  Analysis

In his Motion to Vacate, Bailey argues, pursuant to United States v. Davis, 139 S. Ct. 2319, 2336 (2019), that his conviction on Count Four must be vacated because the underlying

3

predicate offense of conspiracy to commit Hobbs Act robbery is no longer a crime of violence.

As Magistrate Judge Aboulhosn noted, Bailey is correct: conspiracy to commit Hobbs Act robbery no longer qualifies as a predicate crime of violence under 18 U.S.C. § 924(c). However, as the PF&R also noted, the underlying crime of violence referenced in Count Four was not conspiracy to commit Hobbs Act robbery, it was Hobbs Act robbery. Hobbs Act robbery remains a crime of violence under § 924(c)'s elements clause. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Therefore, the PF&R concluded that Bailey's motion was without merit.[1]

In his objections, plaintiff does not grapple with the analysis in the PF&R which explains why his motion should be denied. Instead, he changes tack, arguing instead that he cannot be convicted on Count Four because he was never convicted of the underlying crime of violence supporting that count, i.e., the Hobbs Act robbery set out in Count Three. He also argues that he did not "knowingly or willingly admit to the Hobbs Act robbery charges." ECF No. 82 at 4-5.

Bailey's first argument is easily disposed of as the "Fourth Circuit has clearly held that § 924(c) convictions do

---

[1] The cases cited by Bailey to suggest otherwise are distinguishable and/or noncontrolling.

4

not require a conviction on the predicate crime of violence or drug trafficking offense." Pemberton v. United States, 352 F. Supp.3d 610, 613 (E.D. Va. 2019) (citing United States v. Carter, 300 415, 425 (4th Cir. 2002)); see also United States v. Porter, No. 21-7355, 2023 WL 2570967, at *1 (Mar. 20, 2023) ("We have held that 18 U.S.C. § 924(c) convictions do not require a conviction on the predicate . . . offense.") (cleaned up); United States v. Thompson, No. 19-7586, 2021 WL 4521111, at *1 (4th Cir. Oct. 4, 2021) ("[T]he Government is neither required to separately charge or convict the defendant of the § 924(c) predicate offense[.]") (cleaned up); United States v. Link, 214 F. Supp.3d 506, 518 (E.D. Va. 2016) ("Importantly, defendant need not have been convicted of the predicate crimes of violence for his § 924(c) convictions to stand.") (emphasis in original). The Pemberton court also noted the Fourth Circuit's position was consistent with "the consensus of every federal circuit to have addressed the question." Id. "Rather, to secure a conviction under § 924(c), there need only be 'legally sufficient proof that the predicate crime was, in fact, committed.'" Id. at 613-14 (quoting United States v. Link, 214 F. Supp.3d 506, 518 (E.D. Va. 2016)).

In this case, there is sufficient evidence that Bailey committed the underlying Hobbs Act robbery alleged in Count Four

5

even though he was not convicted of that offense. Count Four of the indictment charged that "[o]n or about November 5, 2017, . . . defendants MICHAEL JUSTIN BAILEY and SARAH K. BAILEY, aided and abetted by each other, did knowingly use, carry, and brandish a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce in violation of 18 U.S.C. § 1951, as alleged in Count Three of the indictment." ECF No. 10 in Criminal Action No. 1:18-00093-01. In the stipulation of facts attached to his plea agreement and signed by both Bailey and his attorney, Bailey admitted that "[o]n November 5, 2017, Sarah Bailey and I, committed a robbery of Rosie's II, a video poker parlor located near Bluefield, Mercer County, West Virginia. On November 5, Sarah and I entered Rosie's II with firearms that had previously been stolen. Both Sarah and I brandished the stolen firearms, . . . at an employee of Rosie's II and several patrons. The employee was bound with duct tape. During the robbery, we stole, against the will of the victims, approximately $4,960 from Rosie's II and personal items from the employee and patrons, including a purse and cell phones." ECF No. 59 at 10. In addition, at his plea hearing and under oath, Bailey admitted to the factual basis underlying his guilty plea. Based on Bailey's own

6

admissions, there is legally sufficient evidence that he committed Hobbs Act robbery on November 5, 2017, to support his conviction on Count Four. See Porter, 2023 WL 2570968, at *1 ("The written factual basis for Porter's guilty plea establishes that reasonable jury could have convicted him of [the predicate offense]"); Pemberton, 352 F. Supp.3d at 614 ("Based on this [agreed] Statement of Facts there is clearly legally sufficient evidence that Petitioner committed the crimes of violence underlying his § 924(c) convictions.").

As for Bailey's argument that he did not knowingly or willingly admit to the Hobbs Act robbery charge, this self-serving allegation is belied by the record.

> [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. . . . Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false.

United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations and quotation marks omitted). As noted above, the plea agreement, including the stipulation of facts, was signed by Bailey and his attorney. In that agreement, Bailey

7

specifically "stipulate[d] and agree[d] that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the 'Stipulation of Facts,' a copy of which" was attached to the Plea Agreement.  ECF No. 59 at 5.  In addition, Bailey's Rule 11 colloquy demonstrates that he entered a knowing and voluntary guilty plea with a full appreciation of the potential penalties he faced.  At the plea hearing, Bailey acknowledged that he understood the plea agreement, that he had gone over it with his attorney and that the factual basis as contained in the Stipulation of Facts was true.  He also swore under oath that he understood the elements of the offense and what the government would have to prove if the case went to trial.  Bailey's claim is without merit.

Bailey's claims are also barred by the waiver contained in his plea agreement.  According to his plea agreement:

> Mr. Bailey knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute.  Mr. Bailey also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction, 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A)(ii) and 2 is unconstitutional, and (2) Mr. Bailey's conduct set forth in the Stipulation of Facts. . . does not fall within the scope of the

> statute of conviction, 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A)(ii) and 2.

ECF No. 59 at 6. The claims Bailey raises herein fall squarely within the waiver contained in the plea agreement.

Finally, to the extent that Bailey attempts to get around his plea agreement waiver by advancing his claims under the guise of ineffective assistance of counsel, that effort fails. The standards established by the United States Supreme Court in determining whether a defendant was denied his Sixth Amendment right to effective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a plaintiff must show (1) that counsel's performance was so deficient that it "fell below an objective standard of reasonableness," and (2) that counsel's deficiency resulted in prejudice so as to render the results of the trial unreliable. See id. at 687-92. Counsel's performance is entitled to a presumption of reasonableness. See id. at 689. Thus, a habeas plaintiff challenging his conviction on the grounds of ineffective assistance must overcome a strong presumption that the challenged actions constituted sound trial strategies. See id. The Court in Strickland cautioned against the ease in second-guessing counsel's unsuccessful assistance after the adverse conviction and sentence are entered. See id. The Fourth Circuit Court of Appeals specifically recognized that

9

ineffective assistance of counsel may not be established by a "Monday morning quarterbacking" review of counsel's choice of trial strategy.  Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991), cert. denied, 506 U.S. 1087 (1993).

"To show prejudice in the guilty-plea context, the petitioner must 'demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Christian v. Ballard, 792 F.3d 427, 443-44 (4th Cir. 2015) (quoting Premo v. Moore, 562 U.S. 115, 129 (2011)).

> Even without § 2254's deference, the Strickland standard "is a most deferential one." Harrington, 562 U.S. at 105, 131 S. Ct. 770. "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge" and "[i]t is all too tempting to second-guess counsel's assistance after conviction or adverse sentence."  Id. (internal quotation marks omitted). . . .

\* \* \*

> "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system," Blackledge v. Allison, 431 U.S. 63, 71, 97 S. Ct. 1621, 52 L. Ed.2d 136 (1977), and the advantages that they provide to all concerned "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality."  Id. "[R]epresentations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any

10

> subsequent collateral proceedings." Id. at 73–74, 97 S. Ct. 1621. Such "[s]olemn declarations in open court carry a strong presumption of verity" and "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74, 97 S. Ct. 1621. "More often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea," because "[i]f he succeeds in vacating the judgment of conviction, retrial may be difficult." Blackledge, 431 U.S. at 71, 97 S. Ct. 1621. "These considerations make strict adherence to the Strickland standard all the more essential when reviewing the choices an attorney made at the plea bargain stage." Premo, 562 U.S. at 125, 131 S. Ct. 733.

Id. at 444.

Under the second prong of Strickland, a petitioner must show that the errors were "sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Furthermore, a court may address the two prongs in any order and a failure to establish one prong obviates a need to address the other. Id. at 697 ("Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered

11

by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.").

As discussed above, under Strickland, not only must Bailey show that his counsel's performance was deficient, he also must show that he was prejudiced by that performance. A court can reasonably reject a petitioner's claim of prejudice if the "decision to reject the plea agreement and proceed to trial . . . would not have been a rational one." Christian, 792 F.3d at 452 (citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

> When evaluating objective reasonableness under the prejudice prong of Strickland, "[t]he challenger's subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). The challenger "cannot make that showing merely by telling [the court] now that [he] would have gone to trial then if [he] had gotten different advice." Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012). In other words, to obtain relief from a guilty plea, the defendant must do more than allege he would have insisted on going to trial if counsel had not misadvised him as to the consequences of that decision. The "petitioner must convince

12

> the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 559 U.S. at 372, 130 S. Ct. 1473; see also Roe v. Flores-Ortega, 528 U.S. 470, 486, 120 S. Ct. 1029, 145 L. Ed.2d 985 (2000).

Id. at 452-53.  In the instant case, Bailey does not even attempt to show he can satisfy both prongs of Strickland.  As discussed above, his self-serving affidavit regarding counsel's performance is contradicted by the record.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's motion under 28 U.S.C. § 2255 and **DIRECTS** the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.

Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 27th day of September, 2023.

ENTER:

*[signature: David A. Faber]*

David A. Faber
Senior United States District Judge